```
                              United States Bankruptcy Court
                              Middle District of Pennsylvania
In re:                                                            Case No. 17-00459-JJT
Duane Mchenry                                                     Chapter 7
         Debtor
                                    CERTIFICATE OF NOTICE
District/off: 0314-5          User: AGarner            Page 1 of 1         Date Rcvd: Jun 27, 2017
                              Form ID: 318             Total Noticed: 11
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 29, 2017.
```
db              Duane Mchenry,    65 Robert Street,    Nanticoke, PA 18634-2011
4881332        +Asset recovery solutions llc,    2200 E Devon Ave suite 200,    Des Plaines, IL 60018-4501
4881331        +CampolietoRuggiero,    960 Scranton-Carbondale Hwy,    Archbald, PA 18403-1019
4881333        +Chase,   Po 78420,    Phoenix, AZ 85062-8420
4881334        +Discover,   Po box 742655,    Cincinnati, OH 45274-2655
4881337        +Master card,   Po box 71107,    Charlotte, NC 28272-1107
4881330        +Mchenry Duane,    65 Robert Street,    Nanticoke, PA 18634-2011
4892581        +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
4881338        +Visa,   Po box 62014,    Baltimore, MD 21264-2014
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
4881335        +E-mail/Text: kfrey@firstcolumbiabank.com Jun 27 2017 18:49:55
                 First Columbia Bank and Trust Co,    232 East st,    Bloomsburg, PA 17815-1845
4881336        +E-mail/Text: bankruptcy@huntington.com Jun 27 2017 18:49:52      Huntington Bank,
                 7575 Huntington Park drive,    Columbus, OH 43235-2600
                                                                                              TOTAL: 2

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*            +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                   TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 29, 2017                          Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 27, 2017 at the address(es) listed below:
```
              James   Warmbrodt     on behalf of Creditor    JPMorgan Chase Bank NA bkgroup@kmllawgroup.com
              James   Warmbrodt     on behalf of Creditor    JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
               bkgroup@kmllawgroup.com
              Jill M. Spott    on behalf of Trustee Robert P. Sheils, Jr (Trustee) jspottesq@sheilslaw.com,
               psheldon@sheilslaw.com
              Joseph M. Campolieto    on behalf of Debtor Duane  Mchenry jcamp@4palaw.com,
               G13449@notify.cincompass.com
              Robert P. Sheils, Jr (Trustee)    rsheils@sheilslaw.com,
               rmcdonald@sheilslaw.com;PA41@ecfcbis.com;psheldon@sheilslaw.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                              TOTAL: 6
```

| | | |
|---|---|---|
| Debtor 1 | **Duane Mchenry** | Social Security number or ITIN xxx−xx−0179 |
| | First Name    Middle Name    Last Name | EIN   _ _ − _ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name    Middle Name    Last Name | Social Security number or ITIN _ _ _ _ |
| | | EIN   _ _ − _ _ _ _ _ _ _ |

United States Bankruptcy Court   **Middle District of Pennsylvania**

Case number:   **5:17−bk−00459−JJT**

# Order of Discharge 12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Duane Mchenry

**By the court:** [signature]

June 27, 2017

Honorable John J. Thomas
United States Bankruptcy Judge

By: AGarner, Deputy Clerk

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

Official Form 318    **Order of Discharge**    page 1

**Some debts are not discharged**

Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**